[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Maurice Shelton was arrested and charged with possession of cocaine in violation of R.C. 2925.11(A). Shelton was found guilty by a jury and sentenced to four years in the Ohio Department of Corrections. His conviction was upheld by this court.[1] Shelton then filed a petition for postconviction relief and requested an evidentiary hearing, both of which were denied by the trial court. Shelton now appeals that decision, raising two assignments of error. Because neither assignment of error has merit, we affirm the judgment of the trial court.
Shelton claims that he suffered ineffective assistance of counsel and a denial of due process during his trial. Shelton bases the ineffective-assistance-of-counsel claim on the alleged failure of his trial counsel to call two witnesses whose testimony would supposedly have contradicted that of the police officers who testified that they saw Shelton with the cocaine.[2] Shelton's denial-of-due-process claim rests on the failure by the state to produce an allegedly exculpatory piece of evidence. However, as the trial court stated in its rulings on Shelton's petition and request for a hearing, Shelton failed to demonstrate that the testimony or evidence that he claimed should have been introduced would have altered its outcome of the trial. In the absence of a showing of prejudice, the trial court correctly denied Shelton's petition for postconviction relief and his request for an evidentiary hearing.[3] Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] State v. Shelton (Aug. 18, 1999), Hamilton App. No. C-980862, unreported.
[2] It should be noted that this court held, as part of the direct appeal, that Shelton's trial counsel was not ineffective.State v. Shelton, supra.
[3] State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph one of syllabus.